IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY L. AIKENS,

    Petitioner,

v.

BOARD OF PAROLE AND POST-PRISON SUPERVISION,

    Respondent.

Case No. 6:16-cv-00845-BR

**OPINION AND ORDER**

**ANTHONY D. BORNSTEIN**
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
**KRISTEN E. BOYD**
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

BROWN, District Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Petitioner challenges an Oregon Board of Parole and Post-Prison Supervision (the "Board") determination that he is not capable of rehabilitation within a reasonable period of time. For the reasons set forth below, the Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

Petitioner was convicted of three counts of Aggravated Murder, Arson in the First Degree, and Abuse of a Corpse, arising out of the June 21, 1987, murder of a woman in a motel room in Portland. Resp't Ex. (ECF No. 22) 101 at 5. The trial court sentenced Petitioner to life imprisonment, without the possibility of parole for 30 years. *Id.* at 6.

On February 6, 2013, the Board conducted a murder review hearing at Petitioner's request, to determine whether he was likely to be rehabilitated within a reasonable period of time. Resp't Ex. 103. Petitioner appeared before the Board, represented by counsel, and testified on his own behalf. *Id.* at 217-328. Four church-affiliated witnesses and a psychologist also appeared on Petitioner's behalf. *Id.* The Multnomah County Deputy District Attorney and two of the victim's family members spoke in opposition to Petitioner's request. *Id.* at 330-351.

After the hearing, the Board determined Petitioner failed to establish that he is likely to be rehabilitated within a reasonable period of time. Resp't Ex. 103 at 370-373. Accordingly, the Board did not grant Petitioner parole. Petitioner sought administrative review, which the Board denied. *Id.* at 371-383. Petitioner sought judicial review, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp't Ex's 108, 107.

Petitioner then filed his Petition for Writ of Habeas Corpus in this Court, alleging two grounds for relief:

> Ground One:
> Supporting Facts: Is a board determination that a petitioner failed to prove that he was likely to be rehabilitated within a reasonable period of time supported by substantial reason when the evidence overwhelmingly weighs in favor of a conclusion that the petitioner is likely to be rehabilitated? The board erred when it concluded that petitioner failed to carry his burden of proving by a preponderance of the evidence that he is likely to be rehabilitated within a reasonable period of time. My due process rights to substantial reason of a parole board decision were violated under Oregon Administrative Rule, Oregon case law, and the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.
>
> Ground Two:
> Supporting Facts: When the evidence overwhelmingly establishes that the petitioner is likely to be rehabilitated within a short amount of time, can the board lawfully reach the conclusion without a persuasive explanation for discounting the overwhelming evidence in favor of the petitioner? My due process rights to substantial reason of a parole board decision were violated under Oregon Administrative Rule, Oregon case law, and the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. Petition at 3.

Pet. at 3.

Respondent argues Petitioner procedurally defaulted both claims because he failed to fairly present any federal claims on appeal to the state courts, and the time to do so has now expired. Respondent further argues that, in any event, Petitioner's claims should be denied on the merits because the state court decisions are entitled to deference under 28 U.S.C. § 2254(e)(1), and because Petitioner received all the process he was due. Resp't Resp. (ECF No. 20) at 2.

In his supporting brief, Petitioner argues that he did present his federal claim to the Oregon Courts, and that the "only valid conclusion" to draw from the Board's determination that he is not likely to be rehabilitated within a reasonable time is that the Board did not conduct a meaningful hearing, thereby depriving him of his right to due process under the Fourteenth Amendment. Pet'r's Br. in Supp. (ECF No. 26) at 5.

**DISCUSSION**

I. Procedural Default

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appropriate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29

(2004); *Casey v. Moore*, 386 F. 3d 896, 915-16 (9th Cir. 2004); *Castillo v. McFadden*, 399 F. 3d 993, 1003 (9th Cir. 2005).

Respondent argues Petitioner's grounds for relief[1] are procedurally defaulted because he failed to fairly present a federal due process violation claim to the state appellate courts. Resp't Resp. at 4. Petitioner contends he asserted a federal due process violation in his Administrative Review Request to the Board (Resp't Ex. 103 at 380), and then attached that document to his appellate brief, such that the "facts relied upon by [Petitioner] were in the record before the Oregon Court of Appeals as well as the State Supreme Court." Pet'r's Br. in Supp. at 6-7.

In *Baldwin v. Reese*, the Supreme Court squarely rejected the argument that state appellate courts are presumed to have read lower court opinions and briefs in every case. 541 U.S. 27, 32 (2004). The *Baldwin* Court held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.*; *see also Castillo*, 399 F.3d at 1000 (holding petitioner "must have presented his federal,

---

[1] Petitioner's grounds for relief both assert the same violation of his Fourteenth Amendment right to due process, and are therefore construed as the same claim.

5 - OPINION AND ORDER

constitutional issue [to the State Court of Appeals] within the four corners of his appellate briefing.")

In this case, Petitioner sought administrative review of the Board's order, in which he did, indeed, raise a federal due process claim by stating:

> The Board's Reliance on Unchangeable, or in the Alternative, Subjective Factors Violates Petitioner's Right to Due Process under the State and Federal Constitutions.

Resp't Ex. 103 at 380. On appeal to the Oregon Court of Appeals, however, Petitioner failed to reiterate a federal basis for his claim that the Board erred. Resp't Ex. 104.

Petitioner now argues he alerted the Oregon Court of Appeals to a federal claim by appending to his appellate brief in the Excerpt of Record, the page from his administrative review containing the above cited language. *Id.* at 58. However, there is no basis upon which to conclude that the Oregon Court of Appeals, which affirmed without opinion, was alerted to the presence of a federal claim when Petitioner did not reference any federal grounds for relief in his opening brief. *Id.*; Resp't Ex. 108. The Oregon Rules of Appellate Procedure state, "No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the *opening brief* in accordance with this rule." Ore. R. App. Pro. 5.45(1)(emphasis added). As such, Petitioner failed to alert the Oregon Court of Appeals to any federal constitutional issue.

In his petition to the Oregon Supreme Court, Petitioner again failed to present a federal constitutional issue for review. Resp't Ex. 106. Petitioner argues that the Oregon Supreme Court was alerted to his federal claim because it had access to the Oregon Court of Appeals record. Pet'r's Br. in Supp. at 7. Yet, again, there is no basis for this Court to conclude that the Oregon Supreme Court, which denied review without opinion, considered the record before the Oregon Court of Appeals, especially when its own rules state that "the questions before the Supreme Court include all questions properly before the Court of Appeals" (Ore. R. App. Pro. 9.20(2)) and no federal question was properly before the Oregon Court of Appeals.

Petitioner failed to exhaust his federal due process claim in state court, and because he can no longer do so, the claim is procedurally defaulted. *See* Or. Rev. Stat. 138.071(1)(appeal of judgment or order must be filed within 30 days of its entry).

Petitioner has not made any showing of cause and prejudice to excuse this procedural default, nor does he present any argument that his convictions resulted in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Accordingly, Petitioner cannot obtain habeas corpus relief in this Court.

II. Relief on the Merits

Under 28 U.S.C. § 2254(b)(2), "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the

failure of the applicant to exhaust the remedies available in the courts of the State." See also Bell v. Cone, 543 U.S. 447, 451 n.3 (2005) (an application for habeas corpus may be denied on the merits even if unexhausted in state court). For the reasons discussed below, this Court elects to also deny Petitioner's claims on the merits.

The Federal Constitution does not guarantee prisoners a right to be conditionally released before the expiration of a valid sentence, therefore states are under no duty to offer parole to their prisoners. Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979). However, when a state chooses to offer parole, it creates a liberty interest under the Due Process Clause of the Fourteenth Amendment, and must then provide fair procedures for its vindication. Swarthout v. Cooke, 562 U.S. 216, 220 (2011)(finding all process due under California law was provided where records were available in advance of parole hearing, petitioners were allowed to speak at hearing and contest evidence against them, and were later notified of the reasons parole was denied).

Oregon offers parole to its prisoners. With respect to prisoners convicted of aggravated murder, upon completion of their minimum term of confinement, Oregon allows them to petition the State Board of Parole and Post-Prison Supervision for a hearing "to determine if the prisoner is likely to be rehabilitated within a reasonable period of time." Or. Rev.

Stat. § 163.105(2). At that hearing, the prisoner bears the burden of proving by a preponderance of the evidence the likelihood of rehabilitation within a reasonable time. Or. Rev. Stat. § 163.105(2)(a). The prisoner has the right to be represented by counsel, and to have counsel appointed by the Board, at the Board's expense. Or. Rev. Stat. § 163.105 (2)(b). If the Board denies relief, it shall issue a final order "accompanied by findings of fact and conclusions of law," and the findings of fact "shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the board's order." Or. Rev. Stat. § 163.105(5). Finally, if the Board denies relief, it must set the earliest date upon which subsequent review is available to the prisoner. Or. Rev. Stat. § 163.105(4).

Confirming that this process was provided is the "beginning and the end of the federal habeas court's inquiry into whether [a petitioner] received due process." *Swarthout*, 562 U.S. at 220. Whether the Board's decision was correct is not the relevant inquiry, and therefore not for this Court to consider, because the only federal right at issue is procedural. *Id.* at 222.

Petitioner received all process due here. The Board provided Petitioner with counsel, received extensive testimony from Petitioner, heard from five additional witnesses who testified on Petitioner's behalf, and entertained argument from

Petitioner's attorney. Resp't Ex. 103 at 367. In addition, the Board received and reviewed written materials, such as court documents, prison records, release and relapse preventions plans, and a psychological evaluation. Id. at 363-64.

In its "Final Order," the Board made "Findings of Fact," in which it summarized Petitioner's criminal record, and detailed Petitioner's history of good conduct throughout his period of incarceration, as well as his work history and involvement in rehabilitative programing. Id. at 364-366. It also noted the opinion of an evaluating psychologist that Petitioner had "in many ways" achieved a rehabilitative state. Id. at 366. In its "Findings of Ultimate Fact," the Board set forth its resolution of contested facts, concluding that Petitioner had failed to meet his burden of proving, by a preponderance of the evidence, that he was likely to be rehabilitated within a reasonable period of time. Id. at 371-373. Finally, the Board determined that Petitioner was entitled to request a subsequent hearing on February 6, 2015, two years from the date of the hearing. Id. at 365.

Under these circumstances, Petitioner received all the process afforded by the State of Oregon to prisoners convicted of aggravated murder, and the Board did not violate his due process rights. Accordingly, Petitioner is not entitled to habeas corpus relief on the merits of his claim.

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (ECF No. 2) is DENIED, and this proceeding is DISMISSED. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 12th day of June, 2017.

_____
Anna J. Brown
United States District Judge
District of Oregon